# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PLS IV, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00067-JRG |
| | § | (LEAD CASE) |
| B&B THEATRES OPERATING COMPANY, INC., | § | |
| | § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| PLS IV, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00068-JRG |
| | § | (MEMBER CASE) |
| THE MARCUS CORPORATION and MARCUS THEATRES, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel Production of Venue-Related Information from Defendant The Marcus Corporation (the "Motion to Compel") filed by Plaintiff PLS IV, LLC ("Plaintiff"). (Dkt. No. 45.) Also before the Court is Plaintiff's Opposed Motion to Extend the Venue Discovery Deadline (the "Motion to Extend"). (Dkt. No. 46.) Having considered the Motion to Compel and Motion to Extend, the Court finds that they should be **GRANTED-IN-PART**.

### I. BACKGROUND

On April 14, 2025, Defendant The Marcus Corporation ("Marcus Corp.") moved to dismiss for improper venue. (Dkt. No. 23.) On April 26, 2025, the Court granted the parties' joint motion

to conduct venue discovery. (Dkt. No. 33.) Plaintiff filed the Motion to Compel on June 16, 2025, seeking an order compelling Marcus Corp. to produce venue-related discovery. (Dkt. No. 45.) Marcus Corp. opposed the Motion to Compel, asserting, *inter alia*, that it has produced sufficient venue-related discovery and that Plaintiff's requests are not proportional to the needs of the case. (Dkt. No. 50.) In conjunction with the Motion to Compel, Plaintiff moved to extend the current venue discovery deadline. (Dkt. No. 46.) Marcus Corp. opposes this request as well. (Dkt. No. 49.)

II.  DISCUSSION

    A.  Motion to Compel

        1.  **Marcus Corp.'s Oversight of Marcus Theatres and Maintenance of Corporate Formalities**

In support of its Motion to Dismiss, Plaintiff asserts that Marcus Corp. submitted a declaration "stating that Marcus [Corp.] provides 'general corporate oversight for Marcus Theatres.'" (Dkt. No. 45 at 4.) Plaintiff asserts that in its interrogatory response, Marcus Corp. "explained that this oversight 'includes requiring Marcus Theatres to submit regular financial and operational reports to Marcus' and 'ensuring' Marcus Theatres complies with 'internal policies.'" (*Id.*) Plaintiff seeks to compel the production of "any of the regular financial and operational reports [Marcus Corp.] receives from Marcus Theatres or the 'internal policies' that it governs." (*Id.*) Plaintiff also contends that the declaration states that Marcus Corp. "facilitates the maintenance of corporate formalities between the entities." (*Id.*) Plaintiff asserts that "[w]hen asked to describe these formalities, Marcus [Corp.] stated that Thomas Kissinger, Marcus [Corp.]'s Senior Executive Vice President, General Counsel, and Secretary, maintains Marcus Theatres's 'corporate minutes.'" (*Id.*) Plaintiff seeks to compel the production of "any of Marcus Theatres's corporate minutes that are in the possession of Marcus [Corp.]'s senior executive." (*Id.*)

Marcus Corp. responds that it has "produced the January 2025 financial reports Marcus

2

Theaters provided to Marcus Corp." (Dkt. No. 50 at 6.) Marcus Corp. argues that "financial reports for any other time period would not be relevant and proportional to the issue of whether the alter ego doctrine would apply for venue analysis on January 23, 2025." (*Id.*) Marcus Corp. argues that documents regarding "internal policies" and Marcus Corp.'s minutes are not relevant or proportional to the needs of this case. (*Id.*) Marcus Corp. asserts that these issues are "more suitable to investigating via deposition." (*Id.*)

The Court is persuaded that the documentation Plaintiff seeks is relevant venue-related discovery. Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). The Court agrees that the documents sought are relevant to numerous alter ego factors. The Court disagrees with Marcus Corp. that documents that predate the filing of the Complaint are irrelevant or not proportional to the needs of this case. Further, the Court disagrees with Marcus Corp.'s proposition that certain information is "more suitable to investigating via deposition" or "the existence of such [documents] can be probed during deposition." The documents Plaintiff seeks are relevant and discoverable.

Accordingly, the Court **ORDERS** Marcus Corp. to produce any of the regular financial and operational reports it receives from Marcus Theatres and any internal policies. The Court **ORDERS** Marcus Corp. to produce any of Marcus Theaters' corporate minutes that are in the possession of Marcus Corp.'s senior executive. Marcus Corp. must produce documents and information that predate January 23, 2025.

### 2. Marcus Theaters' Financial Condition

Plaintiff seeks to compel Marcus Corp. "to supplement its response to Interrogatory No. 5 to provide information and produce documents about Marcus Theatres' liquidity." (Dkt. No. 45 at 5-6.) Plaintiff argues that Marcus Corp. "has refused to provide any specific information about Marcus Theatres' financial condition, instead arguing that its production of Marcus's 2023 and 2024 10-Ks are sufficient." (*Id.*) Plaintiff asserts that Marcus Corp.'s "10-Ks largely present consolidated financial information for Marcus and its many subsidiaries" and despite its "request that Marcus [Corp.] specifically identify where in its 10-Ks this information is located, Marcus [Corp.] has not done so." (*Id.*) Plaintiff also seeks to compel the production of "the 'Credit Agreement' or any of the ancillary agreements and amendments that are mentioned in documents [Marcus Corp.] has produced." (*Id.* at 6.) Plaintiff also asserts that "[i]n lieu of providing the requested information regarding Marcus Theatres' financial condition, Marcus has asserted, without any support, that '[a]s of January 23, 2025, it is Marcus's understanding that Marcus Theatres' capitalization, liquidity, solvency, profitability, operating efficiency, and overall financial health meets or exceeds the requirements set forth by SEC regulations.'" (*Id.*) Plaintiff seeks to compel Marcus Corp. "to identify those SEC regulations and the alleged requirements that Marcus Theatres meets or exceeds." (*Id.* at 6-7.)

Marcus Corp. responds that Plaintiff fails to meet its burden to show that the additional financial information it seeks is proportional to the needs of the case. (Dkt. No. 50 at 6-7.) Marcus Corp. contends that Plaintiff's "complaints about its inability to discern Marcus Theatres' financial information from the publicly available SEC filings are puzzling." (*Id.* at 6.) Marcus Corp. asserts that if Plaintiff "has specific questions about the contents of the report, it can raise those in deposition." (*Id.* at 7.) Plaintiff also argues that Plaintiff's "demand that Marcus Corp. needs to tell

[Plaintiff] what SEC regulations Marcus Corp. complies with is without merit" and that "Marcus Corp. must abide by all applicable SEC regulations." (*Id.*)

The Court is persuaded that some of the information Plaintiff seeks is relevant venue-related discovery. Specifically, the Court finds that Marcus Corp. must produce the Credit Agreement and any amendments thereto. While Marcus Corp. asserts that the Credit Agreement is downloadable from public sources, the fact that a document or information is publicly available is not a proper objection. Marcus Corp. must comply with its discovery obligations to produce documents that are relevant to any party's claims or defenses. Further, information about Marcus Theaters' financial condition is relevant and discoverable. Marcus Corp. cannot rely on its position that Plaintiff must search Marcus Corp.'s public filings with the SEC or that a single annual report is sufficient to meet its discovery burden. While the Court recognizes that Marcus Corp. identified two documents under Rule 33(d) of the Federal Rules of Civil Procedure, to the extent additional documents or information are responsive to Plaintiff's Interrogatory No. 5 that are in Marcus Corp.'s possession, custody, or control, Marcus Corp. must produce such documentation or information. Finally, regarding Plaintiff's request that Marcus Corp. identify the specific SEC regulations Marcus Theatres meets, the Court does not find this relevant to venue discovery.

Accordingly, the Court **ORDERS** Marcus Corp. to produce the Credit Agreement and any amendments thereto. The Court **ORDERS** Marcus Corp. to produce any additional information about Marcus Theaters' financial condition, including documentation that Marcus Corp. contends is publicly available.

### 3. Marcus Corp.'s Services to Marcus Theatres

Plaintiff seeks to compel Marcus Corp. to "supplement its [interrogatory] response to describe how it notifies Marcus Theatres of its share and what Marcus Theatres has paid over the last two years." (Dkt. No. 45 at 7.) Plaintiff asserts that Marcus Corp.'s declaration represents that

5

"Marcus handles some functions centrally that may relate [to] Marcus Theatres, including, such as accounting and payroll. The cost of such central functions are [sic] allocated to Marcus Theatres based on its use of them." (*Id.*) Plaintiff argues that when it "requested that Marcus [Corp.] provide additional information, including documents, regarding its allocation of costs to Marcus Theatres for these services, Marcus [Corp.] incredibly claimed it does not keep such documents 'in the ordinary course.'" (*Id.*) Plaintiff also seeks to compel Marcus Corp. to "supplement its [interrogatory] response to state 'whether the costs of the legal services and shared human resources benefits administration that Marcus provides to Marcus Theatres are allocated and charged to Marcus Theatres and that Marcus Theatres makes such payments to Marcus.'" (*Id.*)

Marcus Corp. responds that Plaintiff "makes no effort to explain why it needs more information about how Marcus Corp. allocates costs for legal services and human resource benefits administration is relevant and proportional." (Dkt. No. 50 at 7.) Marcus Corp. asserts that "any additional discovery regarding services Marcus Corp. provides to Marcus Theatres is burdensome and cumulative." (*Id.*)

The Court is persuaded that the information Plaintiff seeks is relevant venue-related discovery. The Court agrees with Plaintiff that the documents sought are relevant to the alter ego factors. If these documents exist that are within Marcus Corp.'s possession, custody, or control, Marcus Corp. must produce the requested information. If documents do not exist, then Marcus Corp. must supplement its interrogatory responses to state so.

Accordingly, the Court **ORDERS** Marcus Corp. to supplement its interrogatory response directed to any services that Marcus Corp. provides to Marcus Theatres, and corresponding financial transactions between them. The Court **ORDERS** Marcus Corp. to produce any documents responsive to the corresponding request for production.

6

### B.   Motion to Extend

In its Motion to Extend, Plaintiff seeks to "extend the close of venue discovery deadline until fourteen (14) days after the Court's ruling on the Motion to Compel or The Marcus Corporation's compliance with any resulting order of the Court, whichever is later." (Dkt. No. 46 at 3.) In light of this Order, the Court finds that an extension of venue discovery is appropriate.

Accordingly, it is **ORDERED** that venue discovery is extended as follows:

1. Marcus Corp. must respond and/or produce the aforementioned venue discovery within ten (10) days of the date of this Order.

2. Venue discovery will close due twenty-one (21) days from the date of this Order.

3. Plaintiff's response to the Motion to Dismiss (Dkt. No. 23) is due fourteen (14) days after the close of venue discovery.

4. Any reply or sur-reply shall thereafter proceed in accordance with the local rules of this Court.

### III.   CONCLUSION

For the reasons stated herein, the Court **GRANTS-IN-PART** Plaintiff's Motion to Compel (Dkt. No. 45) as set forth above. The Court further **GRANTS** Plaintiff's Motion to Extend (Dkt. No. 46) as set forth above. Any relief sought by Plaintiff in these motions and not explicitly granted herein is **DENIED**.

**So ORDERED and SIGNED this 15th day of July, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE